IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

STEVEN M. GREENBERG,

    Plaintiff,

vs.                                    Civil Action 2:07-CV-1076
                                    Judge Sargus
                                    Magistrate Judge King

JUDY HILL, *et al.*,

    Defendants.

## OPINION AND ORDER

Plaintiff, formerly incarcerated at the Ross Correctional Institution ("RCI"), brings this action under 42 U.S.C. § 1983, alleging that, on two nights during Passover 2007, he (and other Jewish inmates) were denied the Seder kosher meal required by their religion, in violation of the First and Fourteenth Amendments to the United States Constitution. Plaintiff also asserts that defendants violated the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 2000cc-1, *et seq.* On February 12, 2009, the United States Magistrate Judge issued a *Report and Recommendation* recommending that defendants' motion for summary judgment be granted and that plaintiff's motion for summary judgment be denied. Doc. No. 43.[1] This matter is now before the Court on plaintiff's objections to that *Report and Recommendation*, which the Court will consider *de novo*. 28 U.S.C. § 636(b).

---

[1]The United States Magistrate Judge also recommended that defendants' motion to strike plaintiff's cross-motion for summary judgment be denied. Doc. No. 43. No party objected to this recommendation.

## I. FACTUAL BACKGROUND

The Court will briefly summarize the undisputed facts from the *Report and Recommendation*. Plaintiff is an Orthodox Jew and observes Passover, which commemorates the exodus of the Jewish people from Egyptian slavery. The Passover Seder meal, served during the first two nights of Passover, is an important part of the religious holiday.

On or about March 2, 2007, approximately one month before Passover, defendant Sims, RCI's Religious Services Administrator, circulated a memorandum regarding the Passover celebration to all chaplains, wardens, deputy wardens of special services and food service managers, including defendant Judy Hill, RCI's Food Service Manager. In this memorandum, defendant Sims identified the dates of Passover in 2007 and explained:

> Jewish inmates, who desire to observe Passover, shall be afforded the opportunity to participate in the "kosher" meal of Passover (breakfast, lunch, and dinner); and the Seder meal.

\*          \*          \*          \*          \*

**PASSOVER MEALS**
The eight (8) Passover meals (April 2-10, 2007) should include a "kosher" breakfast, lunch and dinner.

**SEDER**
Traditional Jewish laws require Jews to participate in the Seder meal. The first Seder meal is the first night of Passover and the second Seder meal is the second night of Passover (April 2 and 3, 2007).

A Seder plate which consists of a shank bone, horseradish, egg, romaine lettuce, and onion is used. Four cups of wine (grape juice) is drunk and Matzo is eaten. These items could be found at any kosher food store. At the meal a Haggadah is read.

The required ceremonial foods for the Seder are:
1.  Matzah
2.  Kosher grape juice

  3. Parsley (or celery)
  4. One hard boiled or roasted egg
  5. Salt water
  6. Horseradish
  7. Charosat (mixture of kosher grape juice, scraped apple & nuts)
  8. Roasted shank bone (a chicken neck may be substituted)

Exhibit A-1, attached to *Declaration of Judy Hill* ("*Hill Decl.*"), attached to *Defendants' Motion for Summary Judgment*, Doc. No. 26. Thus, according to the memorandum, Jewish inmates were entitled to the Seder plate, containing various ceremonial foods, on the first two nights of Passover, as well as to kosher meals throughout Passover.

  Prior to April 2 and 3, 2007, the first two nights of Passover, Jewish inmates were instructed to go to the prison chapel to receive their Passover Seder meals. The parties do not dispute that the Seder plate, Matzah and grape juice were delivered to the chapel on April 2 and 3, 2007. *See Verified Complaint*, ¶ 15; *Hill Decl.* ¶ 5. It is also undisputed that the kosher meals, which plaintiff identifies as the "Seder Meal," were not delivered to the chapel on those two evenings. *Verified Complaint*, ¶ 15; *Hill Decl.* ¶ 6.

  Further, plaintiff does not dispute that (1) other than these two meals, all of the other meals (breakfast, lunch and dinner) were provided to plaintiff and the other Jewish inmates during the eight days of Passover, April 2-10, 2007, and (2) during Passover 2008, the ceremonial Seder plate and kosher meals were provided at the same time to the Jewish inmate participants in the prison chapel. *Hill Decl.* ¶¶ 7, 9.[2]

---

[2] Similarly, plaintiff received, without incident, the Seder meals for the preceding three Passover celebrations in 2004, 2005 and 2006. *Verified Complaint*, ¶ 22.

3

The *Report and Recommendation*, Doc. No. 43, noted the defendants' position that the failure to provide Jewish inmates the full kosher Seder meal on two nights in April 2007 was an "unintentional oversight resulting from inadvertent miscommunication." *Hill Decl.*, ¶¶ 8 - 9. The *Report and Recommendation* also noted plaintiff's disagreement with that position and plaintiff's contention that the defendants purposely deprived him and other Jewish inmates of the full Seder Passover meal on those nights. *Report and Recommendation*, p.13. The *Report and Recommendation* went on to conclude, however, that even accepting plaintiff's allegations as true, plaintiff did not establish that the deprivation suffered by him amounted to a "substantial burden" on his religious practices for purposed of RLUIPA:

> By plaintiff's own admission, he received the full Passover Seder meals for the three years prior to Passover 2007. *Verified Complaint*, ¶ 22. After the two Passover Seder meals were not delivered to plaintiff in the chapel during Passover 2007, defendants took steps to remedy the situation by providing 22 of 24 Passover meals to plaintiff that year. *Hill Decl.*, ¶ 7. Defendants also ensured that plaintiff and other Jewish inmate participants received all the appropriate meals the following year during Passover 2008. *Id.* at ¶ 9. Therefore, the uncontroverted evidence establishes that plaintiff missed two partial Passover Seder meals over the course of five years. Under these circumstances, the failure to provide two meals in several years is an isolated omission that does not qualify as a "substantial burden" for purposes of RLUIPA.

*Report and Recommendation*, pp. 13 - 14.[3]

---

[3] Plaintiff's objection relating to the reference to "partial Passover Seder Meal" is discussed *infra*.

4

## II. REQUESTED RELIEF

As an initial matter, the Court notes that plaintiff seeks declaratory and injunctive relief in addition to monetary damages against defendants, who are sued in their individual capacities.[4] *Verified Complaint*, ¶¶ 2-9. Defendants argue that plaintiff's request for injunctive relief is without merit because he has been released from prison. *Defendants' Memorandum in Opposition to Plaintiff's Objections to the Magistrate Judge's Report and Recommendation*, Doc. No. 49, pp. 10-12 ("*Opposition to Plaintiff's Objections*"). Plaintiff has filed a change of address, notifying the Court that his new address is in Blacklick, Ohio. Doc. No. 42. Therefore, the Court concludes that plaintiff's request for injunctive and declaratory relief is now moot because he is no longer incarcerated at RCI. *See, e.g., Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 510 n.1 (6th Cir. 2001); *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996). However, plaintiff may proceed with his request for monetary relief.[5]

---

[4] As discussed in the *Report and Recommendation*, it is unsettled whether RLUIPA creates a private cause of action against defendants in their individual capacities. Several courts, including sister courts in the Sixth Circuit, have concluded that RLUIPA does not permit individual capacity claims. *See, e.g., Smith v. Allen*, 502 F.3d 1255, 1274-75 (11th Cir. 2007); *Pugh v. Goord*, 571 F. Supp. 2d 477, 507 (S.D. N.Y. 2008); *Sisney v. Reisch*, 533 F. Supp. 2d 952, 967 (D. S.D. 2008); *Garrison v. Dutcher*, No. 1:07-CV-642, 2008 U.S. Dist. LEXIS 90504, at *12-13 (W.D. Mich. Sept. 30, 2008); *Horacek v. Burnett*, No. 07-11885, 2008 U.S. Dist. LEXIS 80477, at *2 (E.D. Mich. Sept. 30, 2008). However, other courts, including a district court in the Sixth Circuit, have permitted individual capacity claims to proceed under RLUIPA. *See Shakur v. Schriro*, 514 F.3d 878 (9th Cir. 2008); *Williams v. Bitner*, 455 F.3d 186, 194 (3d Cir. 2006); *Farnsworth v. Baxter*, No. 03-2950, 2007 U.S. Dist. LEXIS 72209, at *6 (W.D. Tenn. Sept. 26, 2007). For purposes of summary judgment only, however, the Court will assume that plaintiff may proceed on these claims.

[5] Defendants contend that, assuming *arguendo* that plaintiff is entitled to damages, he is entitled only to nominal damages because he "has failed to meet the threshold requirement [under the Prison Litigation Reform Act

## III. ALLEGED DISCOVERY ABUSES

In his first objection, plaintiff complains that abuse in the discovery process prejudiced him. *Plaintiff's Objections to the Magistrate's Report and Recommendations*, Doc. No. 47 (*"Plaintiff's Objections"*). Specifically, plaintiff complains that the Magistrate Judge improperly denied his two motions to compel and three motions for sanctions.[6]

In addition to being untimely, plaintiff's objection in this regard is without merit. It was an earlier order of the Court, *Order*, Doc. No. 38, rather than the *Report and Recommendation*, that addressed these discovery motions. That *Order* advised plaintiff that "if plaintiff believes that he requires certain, specified, discovery in order to make substantive response to the motion for summary judgment, he shall expressly articulate, in his memorandum *contra* the motion for summary judgment, the particular discovery that he needs." *Id*. In his memorandum *contra*, which also served as his motion for summary judgment, plaintiff did not identify any specific discovery necessary

---

("PLRA")] of showing any physical injury." *Opposition to Plaintiff's Objections*, pp. 10-11. However, the United States Court of Appeals for the Sixth Circuit has not definitively determined whether the PLRA precludes the recovery of damages. In an unpublished opinion, the Sixth Circuit suggested that the PLRA does not preclude punitive damages. *See Miller v. Bock*, No. 02-1964, 55 Fed. Appx. 310, 312 (6th Cir. Jan. 28, 2003). Accordingly, the Court assumes, without deciding, that the PLRA does not preclude plaintiff's request for damages.

Defendants also argue that damages are unavailable under RLUIPA. *Opposition to Plaintiff's Objections*, pp. 11-12. The Sixth Circuit has not definitively ruled on this issue and, as defendants note, the courts are divided. However, for purposes of summary judgment, the Court will assume, without deciding, that money damages are available against the defendants.

[6]To the extent that plaintiff complains about inferences raised in his *Civil Complaint Verified*, Doc. No. 4 (*"Verified Complaint"*), that objection is addressed *infra*.

6

to fully respond to defendants' motion for summary judgment, Doc. No. 26 ("*Defendants' Motion for Summary Judgment*"). *Plaintiff's Memorandum Contra the Motion for Summary Judgment of Defendants; and Plaintiff's Consolidated Cross Motion for Summary Judgment*, Doc. No. 39 ("*Plaintiff's Motion for Summary Judgment*"). Similarly, *Plaintiff's Objections* fail to specify what discovery that was denied him was essential to his case or to his response to *Defendants' Motion for Summary Judgment*.

Here, despite the Court's invitation in the *Order*, plaintiff has identified no specific discovery necessary to make substantive response to *Defendants' Motion for Summary Judgment*. Accordingly, the Court agrees with the *Order*, Doc. No. 38, that denied plaintiff's five discovery motions. *Cf.*, *Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003) ("Nebulous assertions that more discovery time would have produced evidence to defeat summary judgment will be unavailing. [Plaintiff] has failed to indicate what information he could have gained through discovery to identify a material issue of fact[.]") (internal citations omitted); *Lewis v. ACB Business Services, Inc.*, 135 F.3d 389, 402 (6th Cir. 1998) (stating that the trial court has broad discretion to determine the proper scope of discovery).

## IV. RLUIPA

Plaintiff alleges that defendants violated his rights under RLUIPA and the First and Fourteenth Amendments. *Verified Complaint*, ¶ 25. RLUIPA prohibits the government from imposing a "substantial burden" on an inmate's religious exercise unless the government establishes that the burden furthers a "compelling governmental

7

interest" through the "least restrictive means[.]" 42 U.S.C. § 2000cc-1(a).

In order to establish liability under RLUIPA (and Section 1983), a plaintiff must prove, among other things, the personal involvement of each defendant in the alleged violation. *See, e.g.*, 42 U.S.C. §§ 2000cc-1(a), 2000cc-5(4)(A)(iii); *Monell v. Dep't of Soc. Servs. of the City of New York*, 436 U.S. 658, 694 n.58 (1978); *Copeland v. Machulis*, 57 F.3d 476, 481 (6th Cir. 1995) (per curiam); *Copenhaver v. Burnett*, No. 07-cv-14376, 2008 U.S. Dist. LEXIS 53040, at *7 (E.D. Mich. July 11, 2008); *Kitchen-Bey v. Hoskins*, No. 2:06-cv-251, 2008 U.S. Dist. LEXIS 17544, at *2 (W.D. Mich. Mar. 7, 2008).

### A. ALLEGATIONS CONTAINED IN THE *VERIFIED COMPLAINT*

In his objections, plaintiff complains that "essential factual allegations" in his *Verified Complaint* were not considered even though the Court previously stated that "defendants appear to concede the factual allegations made by plaintiff in the *Verified Complaint*[.]" *Plaintiff's Objections* (quoting *Order*, Doc. No. 38).

It is well-settled that a court may consider only admissible evidence in ruling on a motion for summary judgment. *See, e.g., Wiley v. United States*, 20 F.3d 222, 225 -26 (6th Cir. 1994). Therefore, while statements in a verified complaint may have the same effect as an affidavit for summary judgment purposes, *see, e.g., Williams v. Browman*, 981 F.2d 901, 905 (6th Cir. 1992), those statements must be based on personal knowledge. *See, e.g., Weberg v. Franks*, 229 F.3d 514, 526 n.13 (6th Cir. 2000); Fed. R. Civ. P. 56(e). Accordingly, the Court cannot consider hearsay evidence even if such evidence

8

appears in a verified complaint. *Id.*; *Carter v. Univ. of Toledo*, 349 F.3d 269, 274 (6th Cir. 2003).

Similarly, speculative and conclusory allegations, even if made within a verified complaint, are insufficient to withstand a motion for summary judgment. *See, e.g., Hamilton v. Roberts*, No. 97-1696, 1998 U.S. App. LEXIS 22653, at *17-18 (6th Cir. Sept. 10, 1998); *Emmons v. McLaughlin*, 874 F.2d 351, 354-55 (6th Cir. 1989) (finding that vague and conclusory allegations in an affidavit were insufficient to withstand summary judgment); *Bryant v. Kentucky*, 490 F.2d 1273 (6th Cir. 1974) (stating that conclusory allegations, without more, are not enough to survive summary judgment). In addition, vague statements cannot overcome a motion for summary judgment. *See, e.g., Stalbosky v. Belew*, 205 F.3d 890, 895 (6th Cir. 2000); *Emmons*, 874 F.2d at 354-55.

Finally, the Court notes that summary judgment is appropriate only when the record reflects a genuine issue of *material* fact. Fed. R. Civ. P. 56(c). "Material" facts are those facts that affect the outcome of the dispute under the applicable law. *See, e.g., Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) ("Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."); *Daugherty v. Sajar Plastics, Inc.*, 544 F.3d 696, 702 (6th Cir. 2008) ("Only disputed material facts, those 'that might affect the outcome of the suit under the governing law,' will preclude summary judgment.") (quoting *Anderson*, 477 U.S. at 248). "Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*,

9

477 U.S. at 248.

In light of the above, the Magistrate Judge was free to disregard statements contained within the *Verified Complaint* that are conclusory, vague, hearsay or that relate to immaterial facts under applicable law.

### B. Plaintiff's Allegations Against Individual Defendants

#### 1. Defendants Sims and Djaleta

After reviewing the allegations contained in the *Verified Complaint*, the Court concludes that plaintiff has failed to show that defendants Sims and Djaleta were personally involved in the failure to provide plaintiff a Seder meal on April 2 and 3, 2007. First, plaintiff offers only conclusory and vague allegations and immaterial facts and speculation regarding the knowledge possessed by and the state of mind of defendant Sims, "head of all religious services in Ohio within the ODRC [Ohio Department of Rehabilitation and Correction]." *Verified Complaint*, ¶¶ 9, 19. Similarly, plaintiff provides only conclusory statements and immaterial facts regarding defendant Djaleta, "chaplain at RCI[.]" *Id.* at ¶¶ 7, 17-18. As discussed *supra*, conclusory statements and non-material facts are insufficient to overcome summary judgment. Finally, to the extent that plaintiff recounts conversations with defendant Djaleta, those conversations relate to the alleged involvement of other defendants, not that of defendant Djaleta. *Id.* at ¶ 17.

#### 2. Defendant Upchurch

Plaintiff also cannot demonstrate that defendant Upchurch, "Deputy Warden of Special Services at RCI," was personally involved in

the failure to provide two Seder kosher meals in 2007. *Id.* at ¶¶ 8, 20. Other than vague and conclusory statements and nonmaterial facts, plaintiff asserts that he spoke with defendant Upchurch "[l]ater" in the month after the events at issue in this case. *Id.* However, this conversation related to allegations against another defendant, Judy Hill, not to any failure on the part of defendant Upchurch to provide one kosher meal on two occasions during Passover in 2007. *Id.* at ¶ 20.

### 3. Defendants Ward and Depue

According to the *Verified Complaint*, defendants Ward and Depue, food coordinators, told plaintiff that defendant Judy Hill, "Direct Supervisor of kitchen staff at [RCI]," and Chris Hill, "Food Coordinator Supervisor at [RCI]," instructed staff "not to deliver kosher Passover Seder Meals" on April 2 and 3, 2007. *Id.* at ¶¶ 4, 5, 12, 13, 14, 16.[7] Accordingly, based on the record before the Court, defendants Ward and Depue were following the orders of their superiors, defendants Judy and Chris Hill. There is no evidence that defendants Ward and Depue controlled the delivery of kosher meals in April 2007 or otherwise intentionally participated in or caused the failure to deliver the two meals about which plaintiff complains. Therefore, plaintiff has failed to establish that defendants Ward and Depue were personally responsible for the failure to provide kosher meals on two occasions. *Cf. Van Wyhe v. Reisch*, 536 F Supp. 2d 1110,

---

[7]Because defendants have not otherwise argued that this statement is inadmissible, the Court presumes that it may be considered as the admission of a party opponent. Fed. R. Evid. 801(d)(2)(A) (providing that a statement is not hearsay when "[t]he statement is offered against a party and is (A) the party's own statement in either an individual or representative capacity[.]").

11

1125 (D. S.D. 2008) (granting summary judgment on RLUIPA claim to subordinates who obeyed violative policies adopted by their superiors).

### 4. Defendants Whitt, Judy Hill and Chris Hill

For purposes of summary judgment, the Court will presume that plaintiff sufficiently demonstrated that defendant Whitt was personally involved in the failure to provide a Passover Seder kosher meal on April 2, 2007. *Verified Complaint*, ¶ 17. Similarly, the Court will accept plaintiff's allegations that defendants Judy Hill and Chris Hill were personally and intentionally involved in the failure to deliver Passover Seder kosher meals on April 2 and 3, 2007. *Id*. at ¶¶ 13, 16, 17, 19, 20.[8]

## C. Liability under RLUIPA

### 1. Standard

However, plaintiff must establish more than personal involvement in order to prevail on his RLUIPA claim. He must demonstrate that defendants Whitt, Judy Hill and Chris Hill substantially burdened his religious exercise. 42 U.S.C. § 2000cc-1(a). As discussed in the *Report and Recommendation*, the parties do not dispute that Passover observances, including the mandate to observe kosher, constitute "religious exercise" under RLUIPA.

Instead, in his objections, plaintiff complains that the wrong standard was applied to his RLUIPA claim. *Plaintiff's Claims*, pp. 7-

---

[8] In this respect, the Court notes that, contrary to plaintiff's objection, the *Report and Recommendation* also accepted as true plaintiff's allegations that "the evidence demonstrates that defendants purposely deprived him and other Jewish inmates of the full Passover Seder meal on those [two] [n]ights." *Report and Recommendation*, pp. 13-14.

12

8. Specifically, plaintiff complains that the four factors articulated by the United States Supreme Court in *Turner v. Safley*, 482 U.S. 78(1987, were not considered. *Id.* (citing *Whitney v. Brown*, 882 F.2d 1068 (6th Cir. 1989)).[9] This Court disagrees that the wrong standard was applied to plaintiff's RLUIPA claim. RLUIPA specifically provides that the religious exercise of an inmate shall not be *substantially burdened* unless the imposition of that burden furthers "a compelling governmental interest" and "is the least restrictive means of furthering that compelling governmental interest." 42 U.S.C. § 2000cc-1(a)(emphasis added). Accordingly, under the plain language of the statute, the Court must first determine whether or not a "substantial burden" has been imposed before considering whether or not that substantial burden furthers "a compelling governmental interest" and "is the least restrictive means" of doing so. *Id.* See also *Living Water Church of God v. Charter Twp. Meridian*, Nos. 05-2309 and 06-1210, 258 Fed. Appx. 729 (6th Cir. Dec. 10, 2007) (stating that, when analyzing a RLUIPA claim in the zoning context, "[t]he first question" is whether a substantial burden was imposed); *Dunlap*

---

[9]In *Turner*,

> The Court set out a four-factor standard to test the validity of a challenged prison regulation. First, courts are to determine if there is a "valid rational connection" between the challenged regulation and the asserted governmental interest. Second, are there "alternative means of exercising the right that remain open to . . . inmates" if the regulation is upheld? Third, will accommodation of the asserted right have an undue impact on guards, other inmates, and prison resources generally? And fourth, is there an alternative to the challenged regulation that fully accommodates the prisoner's rights at *de minimis* costs to valid penological interests?

*Whitney*, 882 F.2d at 1072 (quoting *Turner*, 107 S. Ct. at 2262) (internal citations omitted).

*v. Losey*, No. 01-2586, 40 F. App'x 41, 43 (6th Cir. May 15, 2002) ("RLUIPA . . . requires the complainant to show that his religious exercise was substantially burdened."). Plaintiff therefore bears the initial burden of establishing that he suffered a "substantial burden" in his religious practice. 42 U.S.C. § 2000cc-2(b). Only if plaintiff establishes this initial predicate does the burden shift to defendants to prove that the substantial burden is the least restrictive means of furthering a compelling governmental interest. *See* 42 U.S.C. §§ 2000cc-1(a), 2000cc-2(b); *Koger v. Bryan*, 523 F.3d 789, 796 (7th Cir. 2008).

Although not specifically defined by RLUIPA or the United States Supreme Court, the Sixth Circuit has stated (in the context of a RLUIPA zoning case) that a "substantial burden" places "substantial pressure on an adherent to modify his behavior and to violate his beliefs." *Living Water*, 258 Fed. Appx. at 734. However, isolated or sporadic government action or omission is *de minimis* and does not constitute a "substantial burden." *Dunlap*, 40 Fed. Appx. at *43. *See also Furnace v. Sullivan*, No. C 07-4441, 2008 U.S. Dist. LEXIS 93464, at *9-10 (N.D. Cal. Nov. 10, 2008); *Talbert v. Jabe*, No. 7:07-cv-00450, 2007 U.S. Dist. LEXIS 82962, at *60 (W.D. Va. Nov. 8, 2007); *Thompson v. Quarterman*, No. V-01-01, 2007 U.S. Dist. LEXIS 73207, at *6 (S.D. Tex. Sept. 30, 2007); *Welch v. Talmadage*, No. 05-CV-07387, 2006 U.S. Dist. LEXIS 70387, at *22-23 (E.D. Pa. Sept. 8, 2006). Finally, negligence is not actionable under RLUIPA. *Lovelace v. Lee*, 472 F.3d 174, 194 (4th Cir. 2006).

2. Discussion

In his objections, plaintiff complains that the *Report and Recommendation* inaccurately referred to the delivery of the grape juice, Matzah and a Seder plate on April 2 and 3, 2007, as "partial" Passover Seder Meals. Plaintiff argues that the Seder plate, containing "a couple of edible symbolic items," is not part of the Seder meal. *Plaintiff's Objections*, pp. 7-8. Plaintiff contends that, because he was denied the "full meal" or "Seder Meal" on the first two nights of Passover, he suffered a substantial burden. *Id.*

Even accepting plaintiff's contention that he was denied a "full" "Seder Meal" on two occasions in 2007, the Court agrees with the *Report and Recommendation* that plaintiff has failed to establish a "substantial burden" under RLUIPA. Plaintiff contends that, unlike the plaintiff in *Dunlap*,[10] there was no alternative to the Seder meal and he was unable to fulfill his religious obligation on the first two nights of Passover in 2007.[11] However, plaintiff's deprivation was an isolated occurrence. Plaintiff admits that he received all Passover Seder meals throughout the three years prior to Passover 2007.

---

[10] Plaintiff Dunlap was denied the use of his hardcover Bibles. *Dunlap*, 40 Fed. Appx. 41, at *43. During the month that these were taken from him, Dunlap did not show that he pursued the opportunity to obtain a softcover Bible. *Id.* The Sixth Circuit concluded that "the temporary deprivation of his hardcover Bibles, which Dunlap might have remedied more quickly, while making the practice of his religion somewhat more difficult, did not coerce him into action contrary to his beliefs, and did not state a claim under the RLUIPA." *Id.*

[11] Plaintiff also argues that *Peterson v. Price*, No. 5:06cv106, 2007 U.S. Dist. LEXIS 75737 (N.D. W.V. Sept. 28, 2007) supports his position. *Plaintiff's Objection*, p. 11. Plaintiff's reliance on this case is misplaced. *Peterson* held that the plaintiff did not have a cause of action under RLUIPA. *Peterson*, 2007 U.S. Dist. LEXIS at *13. In addition, to the extent that plaintiff attempts to rely on this case to buttress his First Amendment claims, those claims are deficient for the reasons discussed *infra*.

15

*Verified Complaint*, ¶ 22. In 2007, after the failure to deliver the two meals about which plaintiff complains, plaintiff does not deny that defendants made efforts to rectify the situation by providing all remaining required meals to plaintiff that year. *Hill Decl.*, ¶ 7. Similarly, plaintiff does not dispute that he and other Jewish inmate participants received the proper meals during Passover 2008. *Id.* at ¶ 9. Therefore, the Court agrees with the *Report and Recommendation* that the undisputed evidence establishes that plaintiff was not provided two Seder meals on two evenings over the course of five years.

Moreover, as discussed *supra*, it is undisputed that the Seder plate, Matzah and grape juice were delivered to the chapel on April 2 and 3, 2007. There is no evidence that plaintiff was deprived of these integral symbolic items nor was he prevented from engaging in the Passover readings and re-enactment rituals on April 2 and 3, 2007.

Under these circumstances, the Court agrees with the *Report and Recommendation* that missing two Seder kosher meals over the course of several years is an isolated occurrence that does not qualify as a "substantial burden" for purposes of RLUIPA. *See, e.g., Hysell v. Pliler*, No. S-04-0355, 2008 U.S. Dist. LEXIS 2721, at *25 (E.D. Cal. Jan. 14, 2008) (dismissing First Amendment and RLUIPA claims where, *inter alia*, error acknowledged and efforts were taken to rectify the situation); *Furnace*, 2008 U.S. Dist. LEXIS 93464, at *9-10; *Talbert*, 2007 U.S. Dist. LEXIS 82962, at *60; *Thompson*, 2007 U.S. Dist. LEXIS 73207, at *6; *Welch*, 2006 U.S. Dist. LEXIS 70387, at *22-23. *Cf. Lovelace*, 472 F.3d at 195-96 (denying summary judgment on RLUIPA claim

16

where, *inter alia*, a defendant failed to correct error that prevented the plaintiff, a follower of Islam, from attending prayers and receiving special meals during the remainder of Ramadan, a total of 24 days). Because plaintiff has not met his initial burden of establishing a "substantial burden" on his religious exercise, the Court need not determine whether that substantial burden was the least restrictive means of furthering a compelling government interest. Plaintiff's claims under RLUIPA must fail. 42 U.S.C. § 2000cc-1(a).

**V.   Free Exercise**

In his final objection, plaintiff complains that the *Report and Recommendation* erroneously concluded that the First Amendment claim must fail. *Plaintiff's Objections*, pp. 11-13. This Court disagrees. Isolated incidents do not rise to the level of constitutional violations. *See, e.g., Rapier v. Harris*, 172 F.3d 999, 1006 n.4 (7th Cir. 1999) (concluding that "the unavailability of a non-pork tray for [plaintiff] at 3 meals out of 810 does not constitute more than a *de minimis* burden on [plaintiff's] free exercise of religion"); *White v. Glantz*, No. 93-4189, 1993 U.S. App. LEXIS 4189 (10th Cir. Feb. 25, 1993); *Joseph v. Arpaio*, No. CV 06-1944, 2008 U.S. Dist. LEXIS 6227, at *6 (D. Ariz. Jan. 28, 2008); *Joseph v. Ware*, No. 07-1297, 2007 U.S. Dist. LEXIS 87459, at *5-6 (W.D. La. Oct. 22, 2007).

Additionally, "RLUIPA applies a stricter standard on prison officials than that which applies to § 1983 claims for First Amendment Free Exercise violations[.]" *Kretchmar v. Beard*, No. 05-6108, 2006 U.S. Dist. LEXIS 49530, at *17 (E.D. Pa. July 18, 2006). *See also Gladson v. Iowa Dep't of Corr.*, 551 F.3d 825, *15-16 (8th Cir. 2009);

17

*Smith*, 502 F.3d at 1264 n.5; *Charles v. Frank*, No. 04-1674, 101 Fed. Appx. 634, at *635 (7th Cir. June 3, 2004); *Sanders*, 484 F. Supp.2d at 1037. It follows, then, that because plaintiff cannot establish a violation of RLUIPA, he cannot establish a violation of his rights under the Constitution.

Under these circumstances, the objections to the *Report and Recommendation* are **DENIED**. The *Report and Recommendation* is **ADOPTED** and **AFFIRMED**. Plaintiff's motion for summary judgment, Doc. No. 39, is **DENIED** and defendants' motion for summary judgment, Doc. No. 26, is **GRANTED**.

**The Clerk shall enter FINAL JUDGMENT for defendants in this action.**

                         3-31-2009
                         Edmund A. Sargus, Jr.
                         United States District Judge